UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff/Respondent,<br><br>　　　　v.<br><br>GERARDO CASTRO-PRIETO,<br><br>　　　　Defendant/Petitioner. | CASE NO. CR-06-6049-EFS<br>[CASE NO. CV-14-5040-EFS]<br><br>**ORDER DENYING MR. CASTRO-PRIETO'S § 2255 MOTION, AND CLOSING FILE** |

On March 24, 2014, Mr. Castro-Prieto filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 48. After reviewing the record, the Court finds summary dismissal of the § 2255 motion is warranted because it is untimely and therefore Mr. Castro-Prieto is plainly not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4, 28 U.S.C. foll. § 2255. For the reasons set forth below, Mr. Castro-Prieto's § 2255 motion is denied.

**A.　Background**

In 2006, Mr. Castro-Prieto was charged in four separate indictments in the Eastern District of Washington:

- CR-06-6008-EFS (Alien in the United States after Deportation in violation of 8 U.S.C. § 1326);
- CR-06-6012-EFS (Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1));
- CR-06-6049-EFS (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1)); and

ORDER - 1

- CR-06-6050-EFS (Felon in Possession of a Firearm in violation of 21 U.S.C. § 841(a)).

On September 12, 2006, Mr. Castro-Prieto entered a guilty plea, without a plea agreement, to the Alien in the United States After Deportation count in CR-06-6008-EFS ("Alien Count"). CR-06-6008-EFS, ECF No. 24. On September 27, 2006, Mr. Castro-Prieto entered a guilty plea to the Felon in Possession of a Firearm count in CR-06-6012-EFS ("Felon-with-Firearm Count"). In the Felon-with-Firearm Count plea agreement, the USAO agreed to recommend a sentence at the low end of the applicable Sentencing Guideline range and to recommend a concurrent sentence with the to-be-imposed sentence for the Alien Count. CR-06-6012-EFS, ECF No. 48.

On January 19, 2007, a change-of-plea hearing occurred in CR-06-6049-EFS, wherein Mr. Castro-Prieto pled guilty to Count 1 ("Drug-Trafficking-Firearm Count") in return for the U.S. Attorney's Office (USAO) dismissing Count 2 in CR-06-6049-EFS, as well as the single count in CR-06-6050-EFS. CR-06-6049-EFS, ECF No. 36. In the parties' binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, the parties acknowledged that the Court was statutorily required to impose at least a five-year sentence for the Drug-Trafficking-Firearm Count. The parties asked the Court to impose a sentence of five years for the Drug-Trafficking-Firearm Count in CR-06-6049, as well as a consecutive five-year term of imprisonment for the Alien Count and Felon with Firearm Count that Mr. Castro-Prieto previously plead guilty to in CR-06-6008-EFS and CR-06-6012-EFS, respectively. CR-06-6049-EFS, ECF No. 36 ¶ 9. The Court accepted Mr. Castro-Prieto's

ORDER - 2

guilty plea to the Drug-Trafficking-Firearm Count, but delayed accepting the binding plea agreement at that time.

On February 20, 2007, the Court held a hearing in all four criminal matters involving Mr. Castro-Prieto. In CR-06-6008-EFS, CR-06-6012-EFS, and CR-06-6049-EFS, the Court held sentencings. After reviewing the presentence investigation reports, sentencing-related material, and relevant authority, and hearing from counsel and Mr. Castro-Prieto, the Court accepted the parties' binding global sentencing recommendation for the three Counts to which Mr. Castro-Prieto pled guilty.[1] The Court sentenced Mr. Castro-Prieto to sixty months on the Alien Count and Felon-with-Firearm Count to run concurrently with each other, and sixty-months on the Drug-Trafficking-Firearm Count to run consecutive to the other two sentences, as required by 18 U.S.C. § 924(c)(1)(A)(i). CR-06—6049-EFS, ECF No. 42. The Court granted the USAO's motion to dismiss the second count in CR-06-6012-EFS and the indictment in CR-06-6050-EFS.

On September 26, 2013, Mr. Castro-Prieto sought relief from his sentences pursuant to 18 U.S.C. § 3582 and the Fair Sentencing Act of 2010. ECF No. 45. On October 17, 2013, the Court denied Mr. Castro-Prieto's motion. ECF No. 46.

---

[1] In his § 2255 motion, Mr. Castro-Prieto states that the Court rejected the parties' plea agreement. This is incorrect. The Court accepted the parties' proposed binding plea agreement under Rule 11(c)(1)(C) prior to imposing sentence.

ORDER - 3

Mr. Castro-Prieto filed the instant § 2255 motion on March 24, 2014. ECF No. 48. Mr. Castro-Prieto's motion asserts the following three claims:

1) Mr. Castro-Prieto is innocent of the Drug-Trafficking-Firearm Count and therefore should not have been sentenced pursuant to 18 U.S.C. § 924, nor should Sentencing Guideline § 2K2.1(a)(4)(A) and § 2K2.1(b)(1)(A) have been applied;

2) Mr. Castro-Prieto's prior second-degree assault conviction should not have been used both as an "aggravated felony" under § 2K2.1(a)(4)(A) and for deportation purposes under *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010); and

3) Defense counsel failed to provide Mr. Castro-Prieto with effective assistance of counsel by failing to investigate, consider deportation implications, contest the Court's plea rejection,[2] and otherwise defend Mr. Castro-Prieto.

Although Mr. Castro-Prieto's judgments became final in 2008, Mr. Castro-Prieto submits that his above claims are ripe for review based on the U.S. Supreme Court's June 17, 2013 decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

**B.  Standard**

A § 2255 motion may seek relief on the grounds that 1) the judgment was rendered without jurisdiction, 2) the imposed sentence was not authorized by law, or 3) the judgment is vulnerable to collateral attack because the petitioner's constitutional rights were denied or infringed. 28 U.S.C. § 2255(a) & (b). Yet, this relief must be sought within one-year of the latest of:

---

[2] As the Court earlier noted, Mr. Castro-Prieto's assertion that the Court rejected the parties' proposed plea agreement is incorrect.

ORDER - 4

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases or collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Unless the § 2255 motion and record conclusively show that the petitioner is not entitled to § 2255 relief, the Court is to serve the § 2255 motion on the USAO. *Id.; see United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) ("[A] district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are palpably incredible or patently frivolous.").

**C.  Analysis**

The Court finds summary dismissal of Mr. Castro-Prieto's § 2255 motion is necessary because his claims are not filed within § 2255's one-year statute of limitations. Clearly more than one year has passed since Defendant's judgment became final in 2008. And the only § 2255(f) subsection on which Mr. Castro-Prieto relies is § 2255(f)(3): a date a new right was recognized by the Supreme Court. Mr. Castro-Prieto posits that his § 2255 motion is timely in light of the June 17, 2013 *Alleyne* decision.

Although *Alleyne* was decided by the Supreme Court less than a year ago, the relief sought by Mr. Castro-Prieto is not based on the

ORDER - 5

*Alleyne* decision. In *Alleyne*, the Supreme Court extended the rule that "[a]ny fact that by law, increases the penalty for a crime is an 'element that must be submitted to the jury and found beyond a reasonable doubt" to mandatory minimum sentences. 133 S. Ct. at 2155. Accordingly, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." *Id.*

Here, the only count to which Mr. Castro-Prieto pled guilty which was subject to a mandatory minimum sentence was the Drug-Trafficking-Firearm Count (Count 1 in CR-06-6049-EFS). Yet, the record, including the Indictment and Plea Agreement, conclusively shows that Mr. Castro-Prieto was adequately warned of the consequences of pleading guilty to the Drug-Trafficking-Firearm Count and by pleading guilty he waived his right to have the jury determine the facts which subjected him to the mandatory-minimum five-year sentence.

The Indictment's caption and the Drug-Trafficking-Firearm Count language clearly reference 18 U.S.C. § 924(c)(1)(A). ECF No. 1. The Indictment therefore cautioned Mr. Castro-Prieto that he was charged with violating 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) lists different mandatory minimum sentences based on the defendant's firearm-related conduct. The lowest mandatory minimum is five years: for possessing a firearm during and in relation to any crime of violence or drug trafficking crime, *id.* § 924(c)(1)(A)(i). The mandatory minimum then increases depending on whether the firearm was brandished (7 years), *id.* § 924(c)(1)(A)(ii)), or discharged (10 years), *id.* § 924(c)(1)(A)(iii). The Indictment alleged facts

ORDER - 6

consistent with a violation of subsection (c)(1)(A)(i)[3]: the five-year mandatory minimum offense.

The Plea Agreement cites § 924(c)(1)(A)(i) and identifies the following elements:

> First, the Defendant committed the crime of possessing methamphetamine with intent to distribute as charged in Count 2 of the Indictment; and
>
> Second, the Defendant knowingly possessed a firearm; and
>
> Third, the Defendant possessed the firearm during and in relation to the possession of methamphetamine with intent to distribute.

ECF No. 36 ¶ 5. The Plea Agreement's Factual Basis and Statement of Facts contained facts supporting these three elements. *Id.* ¶ 6. And the Plea Agreement identified the punishment for this Count as "a mandatory minimum term of imprisonment of 5 years . . . ." *Id.* ¶ 1.

Accordingly, not only did the Indictment and Plea Agreement advise Mr. Castro-Prieto of the Drug-Trafficking-Firearm charge and its necessary elements, but the Plea Agreement identified the correct

---

[3] The Drug-Trafficking-Firearm Count alleges:

> That on or about January 28, 2006, in Kennewick in the Eastern District of Washington, the defendant, GERARDO CASTRO-PRIETO, knowingly possessed a firearm, to wit, a Beretta, model 92FS, 9mm caliber pistol, serial number BER280550Z, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute a Controlled Substance, in violation of Title 18, United States Code, Section 924(c)(1)(A).

ECF No. 1.

ORDER - 7

mandatory minimum sentence that applies to that charge. Therefore, prior to pleading guilty to the Drug-Trafficking-Firearm Count, Mr. Castro-Prieto was advised 1) he was being charged with violating 18 U.S.C. § 924(c)(1)(A), 2) of the necessary elements for a § 924(c)(1)(A)(i) conviction, 3) that a § 924(c)(1)(A)(i) conviction carried with it a five-year-mandatory minimum sentence, and 4) that he was giving up his right to have a jury find the elements of this offense by pleading guilty to the Drug-Trafficking-Firearm Count, *see* ECF No. 36 ¶ 4.

By pleading guilty under this record, Mr. Castro-Prieto waived his right to have the jury decide the facts that subjected him to § 924(c)(1)(A)(i)'s mandatory minimum five-year sentence: therefore, *Alleyne*'s new rule of law does not apply to Mr. Castro-Prieto. In addition, *Alleyne* does not alter the Supreme Court's decision in *Almendarez-Torres v. United* States, 523 U.S. 224 (1998), that a court can determine the defendant's criminal history, even if the court's criminal-history calculation exposes the defendant to greater imprisonment. *See United States v. Johnson*, 743 F.3d 1110, 1111 (7th Cir. 2014). For these reasons, the record conclusively shows that Mr. Castro-Prieto is not entitled to § 2255 relief under *Alleyne*.[4]

---

[4] Because the record is clear, the Court need not analyze whether *Alleyne* applies retroactively. However, the Circuits that analyzed this issue have ruled *Alleyne* does not apply retroactively on collateral review. *See United States v. Redd*, 735 F.3d 88 (2d Cir. 2013); *United States v. Winkelman*, --- F.3d -

ORDER - 8

Because *Alleyne* does not offer Mr. Castro-Prieto relief, he may not utilize *Alleyne* as the basis from which to calculate § 2255(f)'s one-year statute of limitations.  Mr. Castro-Prieto's § 2255 motion is therefore denied as time barred.

**D.   Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Castro-Prieto's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, **ECF No. 48**, is **DENIED**.
2. This file shall be **CLOSED**.
3. The Court certifies any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Mr. Castro-Prieto and counsel.

**DATED** this   23rd   day of April 2014.

s/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

---

---, 2014 WL 1228194 (3rd Cir. 2014); *United States v. Stewart*, 540 Fed. Appx. 171 (4th Cir. 2013) (unpublished opinion); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *In re Payne*, 733 F.3d 1027 (10th Cir. 2013).